UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DILLON BURNETT,
an individual,

       Plaintiff,                          Case No. 1:19-cv-_____

vs.

JOSH GRIFFITH, individually,            **COMPLAINT**

       Defendant.

William F. Piper (P38636)
William F. Piper, P.L.C.
1611 W. Centre Ave., Ste 209
Portage, MI 49024
Phone: (269) 321-5008
Fax: (269) 321-5009
E-mail: wpiper@wpiperlaw.com

      The plaintiff Dillon Burnett by and through his attorney, William F. Piper, PLC., for his complaint, states as follows:

**JURISDICTIONAL ALLEGATIONS**

      1.    The plaintiff Dillon Burnett is an individual who resided in the County of Van Buren, State of Michigan, at all times relevant to this complaint, and he still resides there.

      2.    The defendant Josh Griffith, upon information and belief, was a sergeant for the Van Buren County Sheriff's Department at all times relevant to this complaint.

1

3. The actions complained of occurred on January 12, 2018 in the Van Buren County jail.

4. The actions complained of were committed by the defendant under color of state law but not under a legitimate exercise of governmental authority.

5. The claims in this lawsuit arise under 42 U.S.C. §1983.

6. Jurisdiction arises under 28 U.S.C. §1331 and 28 U.S.C. §1343.

7. Certain of the claims alleged herein arise under the supplemental jurisdiction of this court to hear and decide state law claims arising out of the same transactions and occurrences as the federal law claims.

## COMMON ALLEGATIONS

8. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 – 7 of this complaint.

9. On January 12, 2018, Mr. Burnett was arrested for failing to appear, and he was brought to court for an arraignment.

10. During the arraignment a judge sentenced Mr. Burnett to jail for contempt.

11. Because of a concern that Mr. Burnett was suicidal, he was placed in a gown.

12. The defendant also placed Mr. Burnett in handcuffs behind his back, and he shackled his legs, which severely restricted his mobility.

13. At some point in their interactions, Mr. Burnett attempted to walk away from the defendant to fix his gown and cover his exposed penis.

14. The defendant then grabbed Mr. Burnett, lifted him up, swung him to the left and slammed him violently onto the floor head first.

15. Because Mr. Burnett was handcuffed behind his back and shackled, he could not effectively resist the defendant, and he could not break the process of his being slammed onto the concrete floor head first.

16. As a result of being slammed onto the floor head first, Mr. Burnett sustained a large laceration on his forehead, and he was knocked unconscious for approximately 11 minutes.

17. Mr. Burnett was lying still on the floor, bleeding from the head, without receiving medical attention, until he was brought to the hospital much later.

18. After the incident, the defendant prepared a false police report indicating that he had "placed" Mr. Burnett on the floor and that Mr. Burnett had continued to try and move around while on the floor.

19. As a result of the incident Mr. Burnett sustained a brain injury, and he has suffered from migraine headaches, personality changes, emotional distress, post-traumatic stress disorder, and a loss of enjoyment of life.

20. Mr. Burnett also has a permanent scar to the left side of his forehead.

### COUNT I – EXCESSIVE FORCE AND CRUEL AND UNUSUAL PUNISHMENT

21. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 – 20 of this complaint.

22.     It is clearly established that an employee of a governmental entity cannot use excessive force against an individual in the course of exercising his law enforcement duties under the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

23.     By taking the actions against Mr. Burnett described above with malice, and without reasonable grounds for believing that such force was reasonable and necessary to control the handcuffed and shackled Mr. Burnett, the defendant violated Mr. Burnett's right against excessive force and cruel and unusual punishment under the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

24.     As a result of the actions described above by the defendant, the plaintiff suffered and will continue to suffer the damages set forth above.

25.     The defendant could not reasonably have believed that his actions were within the constitutional limitations on the exercise of his authority described above.

26.     These claims are actionable under 42 U.S.C. §1983.

WHEREFORE, the plaintiff Dillon Burnett requests a judgment against the defendant for whatever amount is sufficient to compensate him for his injuries and damages past and future, plus punitive damages, all recoverable interest, costs, attorney's fees under 42 U.S.C. §1988, and any other relief this court deems fair and just.

## COUNT II – INTENTIONAL TORTS

27. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 – 26 of this complaint.

28. The acts by the defendant described above constitute an assault and battery.

29. As a result of the unlawful actions described above, the plaintiff has suffered and will continue to suffer the damages described above.

WHEREFORE, the plaintiff Dillon Burnett requests a judgment against the defendant for whatever amount is sufficient to compensate him for his injuries and damages past and future, all recoverable interest, costs, attorney's fees, and any other relief this court deems fair and just.

Dated: April 3, 2019                    WILLIAM F. PIPER, PLC.
                                        Attorney for Plaintiff


                                        By:   /s/ William F. Piper
                                              William F. Piper (P38636)