UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DILLON BURNETT,

    Plaintiff,                                  Hon. Hala Y. Jarbou

v.                                                      Case No. 1:19-cv-257

JOSH GRIFFITH,

    Defendant.
_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This matter is before me pursuant to the January 7, 2020 Order of Judge Jarbou (ECF No. 43) rejecting the December 8, 2020 Report and Recommendation (ECF No. 39) and returning the matter solely for consideration of qualified immunity. The facts are fully set forth in ECF Nos. 39 and 43 and need not be repeated here.

"Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Phillips v. Roane Cty.*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Once a defendant raises the qualified immunity defense, the burden shifts to the plaintiff to demonstrate that the defendant officer violated a right so clearly established "that every 'reasonable official would have understood that what he [was] doing violate[d] that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The analysis entails a two-step inquiry. *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013). First, the court must "determine if the facts

alleged make out a violation of a constitutional right." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (1982)). Second, the court asks if the right at issue was "'clearly established' when the event occurred such that a reasonable officer would have known that his conduct violated it." *Id.* (citing *Pearson*, 555 U.S. at 232).

Because the Court has determined that Plaintiff has presented sufficient evidence to establish an Eighth Amendment violation, the only remaining issue is whether the law was clearly established. As the Supreme Court has observed, "this Court's case law does not require a case directly on point for a right to be clearly established, [but] existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (internal quotation marks and original brackets omitted) (quoting *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)). "'[C]learly established law' may not be defined at such 'a high level of generality.'" *Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988, 992 (6th Cir. 2017) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). "[A] plaintiff must identify a case with a similar fact pattern that would have given 'fair and clear warning to officers' about what the law requires." *Id.* (quoting *White*, 137 S. Ct. at 552). Stated differently, "[o]n both the facts and the law, specificity is [a court's] guiding light." *Novak v. City of Parma*, 932 F.3d 421, 426 (6th Cir. 2019).

Here, Plaintiff's Eighth Amendment right to be free from excessive force was clearly established at the time of the incident in question. *See Whitley v. Albers*, 475 U.S. 312 (1986); *Hudson v. McMillan*, 503 U.S. 1 (1992). These cases establish that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Id.* at 5 (internal quotation marks omitted). As for the requisite specificity, *Cordell v. McKinney*, 759 F.3d 573 (2014), discussed at length in the prior Report and Recommendation, was sufficiently factually similar to the instant case to give an officer fair and clear warning that

throwing or slamming a handcuffed prisoner headfirst to the ground, particularly when other options were available to moderate the amount of force used, was an unreasonable method of regaining control over a prisoner. Moreover, qualified immunity is generally inappropriate where genuine issues of material fact remain. *See Zantello v. Shelby Twp.*, 277 F. App'x 570, 571 (6th Cir. 2008).

Accordingly, I recommend that the Court conclude that Defendant is not entitled to qualified immunity and deny Defendant's motion for summary judgment. (ECF No. 31.)

Dated: January 12, 2021   /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

## NOTICE TO PARTIES

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).