UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DILLON BURNETT,

    Plaintiff,

v().                                    Case No. 1:19-cv-257

JOSH GRIFFITH,              Hon. Hala Y. Jarbou

    Defendant.
_____/

**ORDER**

    This is a civil rights action under 42 U.S.C. § 1983.  Plaintiff Dillon Burnett alleges Defendant Josh Griffith, a Van Buren County Corrections sergeant, used excessive force in restraining Burnett after he attempted to break free from Griffith's grasp.  Burnett brings two claims: (1) a violation of the Eighth Amendment; and (2) a state assault and battery claim.  Griffith moved for summary judgment (ECF No. 31), arguing that Burnett could not establish the elements required for each claim, and that he was nevertheless entitled to qualified immunity.

    The matter was referred to a magistrate judge, who issued a Report and Recommendation (R&R) recommending Griffith's motion be granted because there was insufficient evidence to demonstrate that "Griffith sought wantonly to inflict pain on Burnett." (R&R, ECF No. 39, PageID.210.)  Having determined that Burnett failed to prove his underlying claims, the R&R declined to analyze the issue of qualified immunity. (*Id.*, PageID.211 n.4.)  The Court rejected the R&R, holding that a reasonable jury could return a verdict in Burnett's favor. (01/07/2021 Order, ECF No. 43.)

    The Court returned the matter to the magistrate judge for analysis on the question of qualified immunity. (*Id.*, PageID.230.)  The magistrate judge produced a Supplemental R&R,

which recommended denying Griffith qualified immunity for violating a clearly established right,[1] and therefore denying Griffith's motion for summary judgment. (Suppl. R&R, ECF No. 44, PageID.233-234.) Griffith objected to the Supplemental R&R (ECF No. 45), and Burnett responded to those objections (ECF No. 46). The Court finds that Griffith is entitled to qualified immunity. The Supplemental R&R will be rejected, and the Court will grant Griffith's motion for summary judgment with respect to Burnett's Eighth Amendment claim. The Court will decline to exercise supplemental jurisdiction over the state law claim.

## I. Standard

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

## II. Analysis

**A. Eighth Amendment Claim**

The facts in this case have been set forth in ECF Nos. 39 and 43. The sole issue is whether Griffith violated a clearly established right. (Def.'s Obj., PageID.241.)

"Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would

---

[1] The Supplemental R&R assumed that the first prong of qualified immunity – a constitutional violation – was met in light of the Court's prior conclusion that a reasonable jury could find in Burnett's favor on the underlying claims.

have known.'" *Phillips v. Roane Cnty.*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The defense sets a high bar. To get around qualified immunity, the plaintiff must show that the right allegedly violated was so clearly established "that every 'reasonable official would have understood that what he [was] doing violate[d] that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

To show that a right was clearly established at the time of the alleged constitutional violation, the plaintiff must point to case precedent. "[A] plaintiff must identify a case with a similar fact pattern that would have given 'fair and clear warning to officers' about what the law requires." *Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988, 992 (6th Cir. 2017) (quoting *White v. Pauly*, --- U.S. ---, 137 S. Ct. 548, 552 (2017)). A prior case need not be "directly on point for a right to be clearly established, [but] existing precedent must have placed the statutory or constitutional question *beyond debate*." *White*, 137 S. Ct. at 551 (internal quotations omitted) (emphasis added). Moreover, "'clearly established law' may not be defined at . . . 'a high level of generality.'" *Arrington-Bey*, 858 F.3d at 992 (quoting *Ashcroft*, 563 U.S. at 742). "On both facts and the law, specificity is [a court's] guiding light." *Novak v. City of Parma*, 932 F.3d 421, 426 (6th Cir. 2019).

The Eighth Amendment and the specificity requirement of qualified immunity appear to be in tension. The Eighth Amendment prohibits wanton, i.e. malicious and unnecessary, infliction of harm. *Gregg v. Georgia*, 428 U.S. 153, 158 (1976). A key question is whether the defendant used force "in a good-faith effort to maintain or restore discipline, or maliciously or sadistically to harm someone." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). In the qualified immunity context, however, simply stating that officers cannot maliciously and sadistically inflict harm over-

3

generalizes the right that must be defined and clearly established. *Cordell v. McKinney*, 759 F.3d 573, 588 (6th Cir. 2014) (citing *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014)). "*Plumhoff* requires [courts] to frame [a plaintiff's] Eighth Amendment right at a lower level of generality." *Id.*

In *Cordell*, the Sixth Circuit found the Eighth Amendment right allegedly violated was clearly established. The Supplemental R&R found that *Cordell* provided the "requisite specificity" to find a clearly established right in this case given the sufficient factual similarity between the two cases. (Suppl. R&R, PageID.233-234.) Griffith argues that only Supreme Court precedent, not opinions from Courts of Appeals, can be used to demonstrate that a right is clearly established. (Def.'s Obj., PageID.241 (collecting cases where Supreme Court has declined to address whether opinions from Courts of Appeals can clearly establish a right).) He also argues that *Cordell* is insufficient grounds to show a clearly established right if the Court were to consider Sixth Circuit precedent.

Burnett does not point to any Supreme Court precedent establishing the Eighth Amendment right at issue in this case. (*See* Pl.'s Resp. to Obj., PageID.246 (incorporating qualified immunity argument from his response in opposition to summary judgment).) Because it would not change the outcome in this case, the Court assumes without deciding that Sixth Circuit precedent alone may be sufficient to support finding a clearly established right. The question, therefore, is whether *Cordell* is sufficiently on-point to show that the Eighth Amendment right asserted by Burnett was clearly established at the time of the incident.

The Court finds that the facts in *Cordell* are too dissimilar to the facts in this case to conclude that Griffith violated a clearly established right. In *Cordell*, the plaintiff asserted an Eighth Amendment violation when the defendant allegedly intentionally pushed the plaintiff too

4

quickly while transporting him between cells, ramming the plaintiff into a wall face-first while his hands were cuffed behind his back. *Cordell*, 759 F.3d at 577-78. The defendant officer was clearly more agitated than Griffith. *See Cordell*, 759 F.3d at 578 (defendant ordered by superior to leave cell after he would not stop arguing with plaintiff). And it was debatable whether the plaintiff was really disobeying officers or posing a risk at all. *Id.* (the defendant claimed he pushed the plaintiff into the wall because he turned around to face the defendant; the plaintiff says he turned around to ask why he was being pushed so quickly). Though the court in *Cordell* found some amount of force was necessary, it is important that, according to the plaintiff's narrative, he only turned around because he was concerned about the defendant's behavior. According to the plaintiff, the need for force – the exigency – was fundamentally caused by the defendant himself.

Here, it is indisputable that Burnett impermissibly tried to physically break free from Griffith's grasp as he was being moved to a cell. Thus, some force was needed to restrain Burnett. The difference is that, unlike *Cordell*, there is no indication that Griffith's conduct fundamentally caused the exigency. Unprompted, Burnett tried to break free of Griffith's grip, one of several acts of defiance by Burnett that day. *Cordell* is too dissimilar and therefore cannot be used to show that Griffith violated a clearly established right. Burnett has not met his burden of showing that Griffith violated a clearly established right. Griffith is entitled to qualified immunity on the Eighth Amendment claim.

### B. Assault and Battery Claim

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 551 U.S. 375, 377 (1994). By statute, federal district courts are granted original jurisdiction over all "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Except in narrow instances, federal courts lack jurisdiction to adjudicate claims based in state law. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966). Diversity

jurisdiction grants federal courts authority to hear state claims so long as each plaintiff resides in a different state from each defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Federal courts may also exercise supplemental jurisdiction over state claims in some circumstances.

But where, as here, adjudication of a summary judgment motion leaves the plaintiff without any federal causes of action, courts should not exercise supplemental jurisdiction over the state claims. *See Gibbs*, 383 U.S. at 726 ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well."). Because this Court will dismiss Plaintiff's Eighth Amendment claim, it will not exercise jurisdiction over Burnett's state law claim against Griffith. Therefore, the state law claim will be dismissed.

Accordingly,

**IT IS ORDERED** that the Supplemental R&R (ECF No. 44) is **REJECTED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 31) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment claim is **DISMISSED** because Defendant is entitled to qualified immunity.

**IT IS FURTHER ORDERED** that the Court declines supplemental jurisdiction over Plaintiff's assault and battery claim and it is therefore **DISMISSED**.

A judgment will enter consistent with this Order.

Dated: February 22, 2021            /s/ Hala Y. Jarbou
                                    HALA Y. JARBOU
                                    UNITED STATES DISTRICT JUDGE